CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHRISTIAAN H. HIGHSMITH (CABN 296282)
CHARLES F. BISESTO (CABN 271353)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6405
FAX: (415) 436-7234
Christiaan.Highsmith@usdoj.gov
Charles.Bisesto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAPHETH DILLMAN,<br><br>Defendant. | Case No. CR. 23-00140 RS<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: August 10, 2026<br>Pretrial Conference: July 28, 2026<br>Courtroom: Courtroom 12, 19th Fl.<br>Hon. Richard Seeborg |

The parties jointly submit the following proposed jury instructions after exchanging objections under the stipulated scheduling order. *See* Dkt. 75. The parties obtained these instructions from the Ninth Circuit's Manual of Model Criminal Jury Instructions (last updated July 2, 2026). The number beginning the header of each instruction (for example, "1.1 Duty of Jury") denotes the Model Instruction corresponding to the proposed instruction. Any deviations from those model instructions are noted in the instructions themselves, with strikethroughs and either blue text (jointly proposed edits) or red text (disagreements).

The parties agree (and indicate below) that some instructions may be required depending on the Court's rulings on pretrial motions and the development of evidence at trial. The final language of some of these instructions, such as limiting instructions regarding certain evidence the jury may have heard, cannot be determined until the close of evidence. The parties will meet and confer prior to the charge conference regarding proposed language for such instructions and reserve their respective rights to present joint or disputed versions of these instructions to the Court.

The United States makes this submission with defense counsel's consent.

DATED: July 22, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
CHRISTIAAN H. HIGHSMITH
CHARLES F. BISESTO
Assistant United States Attorney

# TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS ....................6

1.1 Duty of Jury ....................6

1.2 The Charge—Presumption Of Innocence ....................7

1.3 What Is Evidence ....................10

1.4 What Is Not Evidence ....................11

1.5 Direct and Circumstantial Evidence ....................12

1.6 Ruling On Objections ....................13

1.7 Credibility Of Witnesses ....................14

1.8 Conduct Of The Jury ....................15

1.9 No Transcript Available To Jury ....................17

1.10 Taking Notes ....................18

1.11 Outline Of Trial ....................19

1.14 Questions To Witnesses By Jurors During Trial ....................20

1.16 Bench Conferences And Recesses ....................21

INSTRUCTIONS DURING COURSE OF TRIAL ....................22

2.1 Cautionary Instruction—First Recess ....................22

2.3 Stipulations Of Fact ....................23

2.4 Judicial Notice ....................24

2.6 Transcript of Recording in English ....................25

2.12 Evidence for Limited Purpose ....................26

CONSIDERATION OF PARTICULAR EVIDENCE ....................27

3.1 Statements By Defendant ....................27

3.8 Impeachment Evidence—Witness ....................28

3.9 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea ....................29

3.10 Government's Use of Undercover Agents and Informants ....................30

3.14 Opinion Evidence, Expert Witness ....................31

3.16 Charts And Summaries Not Admitted Into Evidence ....................32

3.17 Charts and Summaries Admitted into Evidence ....................................................33
RESPONSIBILITY ....................................................................................................34
4.1 Aiding and Abetting (18 U.S.C. § 2(a)) ..............................................................34
4.9 Deliberate Ignorance ...........................................................................................35
4.11 Advice of Counsel ..............................................................................................36
SUBSTANTIVE INSTRUCTIONS ...........................................................................37
11.1 Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349) ....................................37
15.33 Scheme to Defraud—Vicarious Liability .........................................................38
15.35 Wire Fraud (18 U.S.C. § 1343) .........................................................................39
JURY DELIBERATIONS .........................................................................................42
6.1 Duties Of Jury To Find Facts And Follow Law ....................................................42
6.2 Charge Against Defendant Not Evidence—Presumption Of Innocence—Burden Of Proof ....................................................................................................................43
6.3 Defendant's Decision Not To Testify [if applicable] ............................................44
6.4 Defendant's Decision To Testify [if applicable] ...................................................45
6.5 Reasonable Doubt—Defined .................................................................................46
6.6 What Is Evidence ...................................................................................................47
6.7 What Is Not Evidence ............................................................................................48
6.8 Direct And Circumstantial Evidence ....................................................................49
6.9 Credibility Of Witnesses ........................................................................................50
6.10 Activities Not Charged .........................................................................................51
6.11 Separate Consideration of Multiple Counts—Single Defendant .........................52
6.18 On Or About—Defined ........................................................................................53
6.19 Duty To Deliberate ...............................................................................................54
6.20 Consideration Of Evidence—Conduct Of The Jury .............................................55
6.21 Use Of Notes .........................................................................................................56
6.22 Jury Consideration Of Punishment .......................................................................57
6.23 Verdict Form .........................................................................................................58
6.24 Communication With Court .................................................................................59

6.25 Deadlocked Jury [Option 1] [if applicable] ....................................................................60
6.31 Post-Discharge Information.............................................................................................61

## PRELIMINARY INSTRUCTIONS

### 1.1 Duty of Jury

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**1.2 The Charge—Presumption Of Innocence**

This is a criminal case brought by the United States government. The government charges the defendant with one count of conspiracy to commit wire fraud and four counts of wire fraud. The charges against Mr. Dillman are contained in the superseding indictment. The superseding indictment simply describes the charges the government brings against Mr. Dillman. The superseding indictment is not evidence and does not prove anything.

Mr. Dillman has pleaded not guilty to the charges and is presumed innocent unless and until the government proves Mr. Dillman guilty beyond a reasonable doubt. In addition, Mr. Dillman has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crime that the government must prove to make its case:

There are five charges against Mr. Dillman. Count One of the superseding indictment charges Mr. Dillman with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. To convict Mr. Dillman of conspiracy to commit wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

> First, beginning no later than June 2017 and continuing through at least August 2018, there was an agreement between two or more persons to commit wire fraud as charged in the superseding indictment; and
>
> Second, Mr. Dillman became a member of the conspiracy knowing its object and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the

superseding indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Counts Two through Five of the superseding indictment charge Mr. Dillman with wire fraud. To convict Mr. Dillman of wire fraud, the government must prove four elements beyond a reasonable doubt:

First, Mr. Dillman knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Mr. Dillman acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, Mr. Dillman used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

If you decide that Mr. Dillman was a member of a scheme to defraud and that Mr. Dillman had the intent to defraud, Mr. Dillman may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if Mr. Dillman did not know what the other co-schemers said or did.

For Mr. Dillman to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that Mr. Dillman could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

## 1.3 What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

## 1.4 What Is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**1.5 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.6 Ruling On Objections

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.7 Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## 1.8 Conduct Of The Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, if you have a smartphone or smartwatch, please turn it to airplane mode and silence any alerts or alarms.

Third, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, Threads, Bluesky or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed

in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**1.9 No Transcript Available To Jury**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**1.10 Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**1.11 Outline Of Trial**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for Mr. Dillman may cross-examine. Then, if Mr. Dillman chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**1.14 Questions To Witnesses By Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**1.16 Bench Conferences And Recesses**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## INSTRUCTIONS DURING COURSE OF TRIAL

### 2.1 Cautionary Instruction—First Recess

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**2.3 Stipulations Of Fact**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

**2.4 Judicial Notice**

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

## 2.6 Transcript of Recording in English

You are about to [hear][watch] a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling. After the recording has been played, the transcript will be taken from you.

## 2.12 Evidence for Limited Purpose

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

## CONSIDERATION OF PARTICULAR EVIDENCE

### 3.1 Statements By Defendant

You have heard testimony that Mr. Dillman made a statement. It is for you to decide (1) whether Mr. Dillman made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Mr. Dillman may have made it.

### 3.8 Impeachment Evidence—Witness

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

## 3.9 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea

You have heard testimony from David Mata, a witness who pleaded guilty to a crime arising out of the same events for which Mr. Dillman is on trial. This guilty plea is not evidence against Mr. Dillman, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of David Mata, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of David Mata with greater caution than that of other witnesses.

## 3.10 Government's Use of Undercover Agents and Informants

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of undercover agents, to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

* * *

**Government's Comment:** The Court should read this instruction if, at trial, the defense "insinuat[es] that the government and [undercover agent] acted improperly." *United States v. Winslow*, 962 F.2d 845, 848 (9th Cir. 1992), *as amended* (May 14, 1992).

**Defense's Comment**: Mr. Dillman objects to provision of this instruction absent defense assertion of an entrapment defense. See Model Crim. Jury Instr. 9th Cir. 3.10, Comment (2024) ("This instruction should be given when the entrapment defense is being asserted.")

## 3.14 Opinion Evidence, Expert Witness

You are about to hear testimony from FBI Forensic Accountant Theresa Chiu who will testify about her opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## 3.16 Charts And Summaries Not Admitted Into Evidence

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**3.17 Charts and Summaries Admitted into Evidence**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

* * *

**Government's Comment:** The government may seek to admit summary exhibits under Federal Rule of Evidence 1006. The government has provided those summary exhibits to the defense along with citations to the underlying voluminous records. The government will file its exhibit list by July 22, 2026, per the parties' stipulated scheduling order.

## RESPONSIBILITY

### 4.1 Aiding and Abetting (18 U.S.C. § 2(a))

Mr. Dillman  may be found guilty of wire fraud (as charged in Counts Two through Five of the superseding indictment) even if Mr. Dillman personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

To prove Mr. Dillman  guilty of wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the wire fraud offenses charged in Counts Two, Three, Four and Five;

Second, Mr. Dillman aided, counseled, commanded, induced, or procured that person with respect to at least one element of wire fraud;

Third, Mr. Dillman acted with the intent to facilitate wire fraud; and

Fourth, Mr. Dillman acted before the crime was completed.

It is not enough that Mr. Dillman merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that Mr. Dillman acted with the knowledge and intention of helping that person commit wire fraud (as charged in Counts Two through Five).

A defendant acts with the intent to facilitate the crime when Mr. Dillman actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**4.9 Deliberate Ignorance**

You may find that Mr. Dillman acted knowingly if you find beyond a reasonable doubt that:

First, Mr. Dillman was aware of a high probability that material representations concerning the existence, operation, or performance of the purported autotrader were false, and

Second, Mr. Dillman deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that Mr. Dillman actually believed that the material representations concerning the existence, operation, or performance of the purported autotrader were true, or if you find that Mr. Dillman was simply negligent, careless, or foolish.

* * *

**Government's Comment:** The government requests that this instruction be given if warranted by the evidence at trial. A deliberate-ignorance instruction is appropriate where the jury could rationally find that Mr. Dillman was aware of a high probability of the relevant fact and deliberately avoided learning the truth, even if the jury rejects the government's evidence of actual knowledge. *United States v. Heredia*, 483 F.3d 913, 922–24 (9th Cir. 2007) (en banc); *United States v. Hong*, 938 F.3d 1040, 1046–47 (9th Cir. 2019). Here, the evidence may establish that Dillman was aware of a high probability that material representations concerning the existence, operation, and performance of the purported autotrader were false, but deliberately avoided confirming the truth while continuing to solicit and communicate with investors. The government therefore reserves the right to request this instruction based on the evidence developed at trial.

**4.11 Advice of Counsel**

One element that the government must prove beyond a reasonable doubt is that Mr. Dillman had the unlawful intent to defraud. Evidence that Mr. Dillman in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if Mr. Dillman, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith.

* * *

**Government's Comment:** The government objects to this instruction and includes it in the parties' joint submission only out of an abundance of caution. A defendant is entitled to an advice-of-counsel instruction only if the defense establishes a sufficient foundation in the evidence that, before acting, Mr. Dillman fully disclosed all material facts to counsel, received advice concerning the specific course of conduct at issue, and actually followed that advice in good faith. *United States v. Bush*, 626 F.3d 527, 539–40 (9th Cir. 2010); *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). The government's position is that the defense has not yet made this foundational showing. The government therefore requests that the instruction not be given unless and until the defense introduces evidence sufficient to support each of these requirements.

## SUBSTANTIVE INSTRUCTIONS

### 11.1 Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349)

Count One of the superseding indictment charges Mr. Dillman with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. To convict Mr. Dillman of conspiracy to commit wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than June 2017 and continuing through at least August 2018, there was an agreement between two or more persons to commit wire fraud as charged in Count One of the superseding indictment; and

Second, Mr. Dillman became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the superseding indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**15.33 Scheme to Defraud—Vicarious Liability**

If you decide that Mr. Dillman was a member of a scheme to defraud and that Mr. Dillman had the intent to defraud, Mr. Dillman may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if Mr. Dillman did not know what the other co-schemers said or did.

For Mr. Dillman to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that Mr. Dillman could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

**15.35 Wire Fraud (18 U.S.C. § 1343)**

Mr. Dillman is charged in Counts Two, Three, Four and Five of the superseding indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For Mr. Dillman to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Dillman knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Mr. Dillman acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, Mr. Dillman used, or caused to be used, an interstate wire communication, specifically, a wire transfer in the amount of $29,970.00 originating in the Northern District of California as charged in Count 2; a wire transfer in the amount of $50,000.00 originating in the Northern District of California as Charged in Count 3; a wire transfer in the amount of $24,970.00 originating in the Northern District of California as Charged in Count 4; and an email originating in the Northern District of California dated August 28, 2018 from Mr. Dillman with the subject line "Fund Update" to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only Mr. Dillman's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

To convict Mr. Dillman of wire fraud, the false or fraudulent pretenses, representations, or promises must directly or indirectly deceive the victim about the nature of the bargain. A misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction. Whether a misrepresentation goes to the nature of the bargain may depend on the specific transaction at issue.

A half-truth is a representation that states the truth only so far as it goes, while omitting critical qualifying information.

An oral or written statement is material if it has a natural tendency to influence, or was capable of influencing, a person to part with money or property. Neither proof of reliance on a false statement nor actual harm is needed to show materiality.

It need not have been reasonably foreseeable Mr. Dillman that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to Mr. Dillman that some wire communication would occur in furtherance of the scheme, and the interstate or foreign wire communication charged in Counts Two through Five must have actually occurred in furtherance of the scheme.

If Mr. Dillman acted in good faith, then he lacked the intent to defraud required to prove the offenses of wire fraud as charged in Counts two, three, four, and five. Mr. Dillman acted in good faith if, at the time, he honestly believed in the truth of the representations or promises that the government has charged as being false or fraudulent. However, Mr. Dillman's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is not a defense to the crime.

* * *

**Government's Comment:** The government objects to the defense's proposed deletion of the half-truth language. The government anticipates that the evidence may show that Mr. Dillman made representations that were literally or partially true but misleading because they omitted critical qualifying information, including representations concerning the development and operation of the purported autotrader, the use and location of investor funds, and the source of payments to investors. The proposed language accurately states the law and should be included if the evidence at trial provides a factual basis for it.

The government also objects to the defense's proposed good-faith paragraph. The instruction already requires the government to prove beyond a reasonable doubt that Mr. Dillman acted "with the intent to deceive and cheat." That requirement adequately permits the defense to argue that Mr. Dillman honestly believed his representations and therefore lacked fraudulent intent. A separate good-faith instruction is unnecessary when the instructions adequately define the required intent and allow the

defendant to present his theory of the case. *See United States v. Shipsey,* 363 F.3d 962, 967–68 (9th Cir. 2004); *United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009). Although *Molinaro* approved a particular good-faith instruction, it does not require that such an instruction be given in every fraud case. The proposed addition would therefore be duplicative and could place undue emphasis on the defense's characterization of the evidence.

**Defense's Comment:** Absent evidence adduced at trial of a "half truth," Mr. Dillman objects to provision of the "half truth" portion of this instruction.

With respect to the good faith addition, good faith instructions in wire fraud cases have been deemed appropriate in the Ninth Circuit. *See, e.g.*, Model Instruction No. 4.13 (Intent to Defraud) cmt, citing to *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993), as an example of a good faith instruction approved in a bank fraud case ("You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud."). Furthermore, this exact wording was used by this Court in its Final Jury Instructions in *United States v. Andrade,* 20-CR-00249-RS, Instruction 19 at Docket No.612 pages 21-22.

## JURY DELIBERATIONS

### 6.1 Duties Of Jury To Find Facts And Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**6.2 Charge Against Defendant Not Evidence—Presumption Of Innocence—Burden Of Proof**

The superseding indictment is not evidence. Mr. Dillman has pleaded not guilty to the charges. Mr. Dillman is presumed to be innocent unless and until the government proves Mr. Dillman guilty beyond a reasonable doubt. In addition, Mr. Dillman does not have to testify or present any evidence. Mr. Dillman does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## 6.3 Defendant's Decision Not To Testify [if applicable]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that Mr. Dillman did not testify.

**6.4 Defendant's Decision To Testify [if applicable]**

Mr. Dillman has testified. You should treat this testimony just as you would the testimony of any other witness.

**6.5 Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Dillman is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Dillman is guilty, it is your duty to find Mr. Dillman not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Dillman is guilty, it is your duty to find Mr. Dillman guilty.

**6.6 What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**6.7 What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.
2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.
3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 6.8 Direct And Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 6.9 Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 6.10 Activities Not Charged

You are here only to determine whether Mr. Dillman is guilty or not guilty of the charges in the superseding indictment. Mr. Dillman is not on trial for any conduct or offense not charged in the superseding indictment.

## 6.11 Separate Consideration of Multiple Counts—Single Defendant

A separate crime is charged against Mr. Dillman in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**6.18 On Or About—Defined**

The superseding indictment charges that the offenses alleged in Counts One Two, Three, Four and Five were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Five of the superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**6.19 Duty To Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**6.20 Consideration Of Evidence—Conduct Of The Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**6.21 Use Of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 6.22 Jury Consideration Of Punishment

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against Mr. Dillman beyond a reasonable doubt.

**6.23 Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the ~~[clerk] [bailiff]~~ courtroom deputy that you are ready to return to the courtroom.

## 6.24 Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [~~clerk] [bailiff~~] courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Dillman, until after you have reached a unanimous verdict or have been discharged.

**6.25 Deadlocked Jury [Option 1] [if applicable]**

Members of the jury, you have reported that you have been unable to reach a unanimous verdict in this case. I have decided to suggest a few additional thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. You should not, however, change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

I also remind you that in your deliberations you are to consider the instructions that I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

What I have just said is not meant to rush you or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I ask that you now return to the jury room and continue your deliberations with these additional comments in mind.

**6.31 Post-Discharge Information**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.