RICHARD A. TAMOR (CABN 176529)
TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 655-1969
email: rtamor@TamorLaw.com

JESSE BERKOWITZ (CABN 291464)
BERKOWITZ LAW
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 947-0300
Email: jesse@jesseberkowitzlaw.com

Attorneys for Defendant
JAPHETH DILLMAN

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAPHETH DILLMAN,<br>Defendant. | Case No.: CR-23-00140-RS<br><br>DEFENDANT JAPHETH DILLMAN'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE<br><br>Date: July 28, 2026<br>Time: 10:00 a.m.<br>Court: Hon. Richard Seeborg |

**INTRODUCTION**

Defendant Japheth Dillman, by and through his counsel, submits the following responses/oppositions to the government's motions in limine in conformity with the Court's Stipulated Pretrial Order.

///

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

**I. Response to Motion in Limine # 1**

The government argues that the defense should be precluded from "shifting the blame to Mr. Dillman's victims." Mr. Dillman agrees that victim negligence is not a defense to wire fraud and as such will not argue that the victims were negligent, insufficiently skeptical, or responsible for the fraud.

The government further argues that the defense "should be precluded from arguing that actual reliance is an element of the charged offenses." However, the government also states that "the government does not seek to exclude evidence concerning what investors understood, how they responded to Dillman's statements, or whether particular representations were material, where that evidence is otherwise relevant." With this proviso in mind, the defense will not argue that actual reliance is an element of the offenses."

**II. Response to Motion in Limine # 2.**

The government seeks to admit out of court statements by Mr. Dillman and lists 6 categories of statements made by Mr. Dillman but does not identify the specific statements. Without the specific statements, Mr. Dillman cannot address the admissibly of those statements here. However, to the extent that the government can establish the foundation for Mr. Dillman's out of court statements under Fed. R. Evid. Rule 801(d)(2)(A), Mr. Dillman does not object to the admission of those statements subject to a relevance or Rule 403 objection as to any particular statement made at trial.

The government then requests that if "additional portions of a statement, recording, or email chain should be admitted under Federal Rule of Evidence 106, he should be

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

required to identify the specific portions and explain why, in fairness, those portions ought to be considered at the same time to avoid misleading the jury or creating a distorted impression." This is a fair request, and Mr. Dillman does not object to this portion of Motion in Limine #2.

The government finally requests that the Court limit Mr. Dillman's ability to introduce his prior out of court statements. At this stage of the proceedings, without the specific prior out of court statements being identified, this Court cannot rule on such a broad request and should rule on such a hearsay objection when the hearsay statement is before it.

**III. Response to Motion in Limine # 3:**

The government requests that the Court "admit necessary context when the defendant's out of court statements are admitted," and also states that "[i]f requested The Court may instruct the jury that those surrounding statements may be considered only for context and not for their truth." This is a reasonable request and thus Mr. Dillman does not object to this motion in limine subject to a relevance or Rule 403 objection. Mr. Dillman further requests that the Court so instruct the jury regarding the statements being used for context and not the truth.

**IV. Response to Motion in Limine # 4.**

The government request that the Court "admit Mata's co-conspirator statements and other misrepresentations made in further of the Blockbits scheme" again without specifically identifying the statements at issue. Mr. Dillman cannot meaningfully assess whether Mata's statements satisfy Rule 801(d)(2)(E) without knowing their content and the government's theory of how each furthered the conspiracy. The court should require the government to provide a particularized proffer identifying: (a) each Mata statement it

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

seeks to admit; (b) when and to whom the statement was made; and (c) how the statement furthered the alleged conspiracy rather than merely narrating past conduct. To the extent that the government can establish the foundation for Mr. Mata's out-of-court statements under Fed. R. Evid. Rule 801(d)(2)(E), Mr. Dillman will not object to the admission of those statements subject to a relevance or Rule 403 objection as to any particular statement made at trial.

Mr. Dillman further does not object to the admission of statements for a non-hearsay purpose accompanied by a limiting instruction from the Court and again subject to a relevance or Rule 403 objection.

**V. Response to Motion in Limine # 5**

The government requests that Mr. Dillman "be precluded from offering intent to repay as a defense to the charged offenses" and similarly "should be precluded from arguing that repayments constitute a defense to wire fraud." Mr. Dillman agrees that these are not a defense to wire fraud in itself. However, the government must prove that Mr. Dillman "acted with intent to defraud, that is, with the intent to deceive and cheat." JOINT PROPOSED JURY INSTRUCTIONS 15.35. Thus, while not a defense to the charges, evidence of intent to repay and actual repayments is directly relevant to whether Mr. Dillman possessed the intent to defraud, cheat, and steal required for wire fraud. *United States v. Miller*, 953 F.3d 1095, 1108 n.1 (9th Cir. 2020) ("Of course, subsequent repayment is of itself no defense to embezzlement or wire fraud though **it may bear on the issue of intent**.") (emphasis added).

Moreover, Mr. Dillman's good faith in the belief in the truth of his statements is a defense of the fraud charges. *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986) (Although a good faith belief that the alleged victims will be repaid is not a proper defense, "[a]n honest, good faith belief in the truth of the misrepresentations may negate intent to defraud."); *United States v. Ghilarducci*, 220 F. Appx. 496, 501 (9th Cir. 2007)

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

(because "[m]ail fraud requires the specific intent to defraud . . . if [defendant] had a good-faith belief that [the alleged fraudulent scheme] was legitimate, he could have been acquitted on [mail-fraud charge]"). Mr. Dillman should be allowed to make this good faith argument at trial.

Lastly, the government requests that Mr. Dillman "be precluded from suggesting that [Mr.] Dillman acted in good faith reliance on counsel unless the defense first establishes the foundation for an advice of counsel defense." While Mr. Dillman agrees that he must first establish the foundation to establish the foundation for an advice of counsel defense and/or instruction, Mr. Dillman objects to the government's request that "he should be precluded from eliciting evidence or argument suggesting that [Mr.] Dillman's retention of counsel, payment of legal fees, copying of counsel on emails, or counsel's general involvement negate [Mr.] Dillman's fraudulent intent" until the foundation for such a defense is established. This request is overbroad and would unconstitutionally restrict Mr. Dillman's right to present evidence negating fraudulent intent. The fact is that counsel was retained, legal fees were paid, counsel was copied on emails and involved throughout the relevant time period. Evidence of Mr. Dillman's good-faith belief—including his business planning, consultation with professionals, efforts to comply with legal requirements, and communications demonstrating genuine belief in the Blockbits fund and the representations he made to investors is admissible to raise reasonable doubt about whether he possessed the intent to defraud, deceive, and cheat investors. This is true regardless of whether Mr. Dillman meets the technical requirements for an advice of counsel instruction. A jury is entitled to hear such evidence to determine, again, whether it negates an intent defraud, cheat, or steal.

///

///

///

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

**VI. Response to Motion in Limine # 6.**

The government requests that the Court order the defense to provide reciprocal discovery under Federal Rule of Criminal Procedure 16(b) by a date certain and also requests the defense to produce any Rule 26.2 materials. Mr. Dillman understands and appreciates his obligations under these rules. Mr. Dillman has complied with and will continue to comply with these rules. So, the requested order is unnecessary.

**VII. Response to Motion in Limine # 7:**

The government requests admission of certain business and public records. Mr. Dillman does not object to the business records identified by the government in this motion in limine being admitted into evidence without live custodian testimony. Mr. Dillman will work with the government to draft an appropriate stipulation.

**VIII. Response to Motion in Limine # 8:**

The Government requests admission of summary charts of voluminous evidence. Mr. Dillman agrees that, with adequate foundation, summaries may be admitted into evidence under Rule 1006. However, Mr. Dillman objects to Exhibit E and Exhibit F, attached, because they are not "summaries" at all. These charts are argumentative, present the government's theory of case, and arguably draw legal conclusions rather than neutrally summarizing underlying evidence.

**IX. Response to Motion in Limine # 9.**

The government requests to exclude witnesses during trial with the exception of the case agent. Mr. Dillman made the same motion in limine and of course does not object to this motion in limine.

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

**X. Response to Motion in Limine # 10.**

The government requests the Court to prospectively preclude the defense from introducing 6 categories of evidence related to cooperating witness David Mata. The government's blanket request to exclude six categories of evidence regarding its key witness implicates Mr. Dillman's Sixth Amendment right to confrontation and his constitutional right to present a complete defense. "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. This right includes, at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010). (citations and internal quotation marks omitted). Moreover, Mr. Dillman has a Constitutional right to cross-examine government witnesses and to present evidence challenging their credibility. Excluding entire categories of impeachment evidence before trial, without knowing the specific evidence or its relevance to the witness's testimony, would violate this fundamental right. Mr. Dillman requests that the Court defer ruling on any objection until such time as the specific category of evidence is before this Court.

## CONCLUSION

For the foregoing reasons, and for such other reasons as may appear at the hearing on these motion, Mr. Dillman requests that the Court deny the government’s motions in limine in accordance with the above responses and accord such other relief as this Court deems just.

///

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, www.TamorLaw.com

Date: July 22, 2026

Respectfully Submitted,

TAMOR & TAMOR
__________/s/_________________
By: RICHARD A. TAMOR, ESQ.

BERKOWITZ LAW
__________/s/_________________
By: JESSE BERKOWITZ, ESQ.
Attorneys for Defendant,
JAPHETH DILLMAN

# EXHIBIT E




| Meals, Travel & Other (Top Expenses) | | Amount |
|---|---|---|
| JetBlue | $ | (23,980) |
| Upside Travel | $ | (5,771) |
| Lyft | $ | (5,234) |
| Disney Resorts | $ | (3,163) |
| United Airlines | $ | (3,157) |
| Delta Air | $ | (2,450) |
| Uber | $ | (1,489) |
| Millennium Towers Hotel (Dubai) | $ | (1,250) |
| Izzys Steaks & Chops | $ | (1,150) |
| Hermes | $ | (1,302) |

* Approximate USD value when 25 BitCoins (BTC) were transferred from Blockbits to Tixe LLC through Coinbase in July 2017
** Approximate USD value when 13.835 Ether (ETH) were transferred from Blockbits to Tixe LLC through Gemini in September 2017

# EXHIBIT F

# DRAFT - Use of BlockBits Funds from Japheth Dillman Accounts

Tracing Method: Last-In First-Out




Other categories are PayPal $2,000, Medical Expenses $1,900, Telecommunication $1,500, Grocery $1,300, Title Company $1,000, and Other $5,000